COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-079-CR

 

 

GREGORY CLARK STRINGHAM                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

                                                    

MEMORANDUM
OPINION[1]

 

                                         ------------ 


 








Appellant Gregory Clark
Stringham appeals the trial court=s decision to grant the State=s motion to revoke his community supervision.  In his first two issues, he contends that the
trial court denied him the right to be heard Aby himself@ by refusing
to permit him to address the court and by failing to inquire about his
objections to his trial counsel at the hearing on the State=s motion to revoke.  In his
third issue, appellant complains that his trial counsel was ineffective.  We reverse and remand for a new hearing on
the State=s motion to
revoke appellant=s community
supervision.

On June 11, 2001, appellant
pleaded guilty to assault of a public servant. 
The trial court sentenced appellant to ten years= confinement with a $2,000 fine pursuant to a plea agreement.  Appellant=s confinement, however, was suspended, and he was placed on community
supervision for six years.   

On August 16, 2005, the State
filed a motion to revoke appellant=s community supervision, alleging that he had failed to report to his
community supervision officer for two months, that he had failed to timely pay
his monthly fees, and that he had failed to submit to a urine analysis
test.  On March 8, 2006, after a hearing
on the State=s motion,
the trial court found that appellant had violated the terms of his community
supervision, revoked his community supervision, and sentenced him to five years= imprisonment.

In his first and second
issues, appellant complains that the trial court did not address his objections
to his trial counsel during the revocation hearing in violation of Ahis right of being heard by himself,@ as guaranteed by article I, section 10 of the Texas Constitution, and
in violation of his Sixth Amendment right to effective assistance of counsel. 








At the beginning of the
hearing on the State=s motion to
revoke his community supervision, appellant interjected, AI would first like to object to my counsel,@ to which the trial court responded, ANo, no.  I=m not talking about you.  I=m talking about the State=s counsel.@  According to appellant, he also objected to
his trial counsel during the State=s cross-examination by asserting that his prior trial counsel had been
unwilling to help him and that he was Ainnocent@ and Adid not make an agreement to be incarcerated.@

The State asserts that
appellant failed to preserve his argument for our review because he did not
complain about his right to be heard Aby himself@ in the
trial court.  We disagree.  








Under rule 33.1(a)(1) of the
rules of appellate procedure, to preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.[2]  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s refusal to rule.[3]

Although appellant did not
state the specific grounds for his objection to his attorney at the hearing on
the State=s motion to
revoke his community supervision, we conclude that the grounds of his objection
were clear from the context of the request and that the trial court ruled on
his objection by stating, ANo, no.  I=m not talking about you.@  The record shows that less
than two months before the hearing on the State=s motion, appellant had filed a pro se letter with the trial court,
stating:

This
is my official notification to the court that [my appointed attorney] does not
represent me, he is of now fired. . . . I am representing myself at this
point.  If or when a hearing occurs[,] I
need notice and maybe a little help in the subpoena process. 

 








Seven days after appellant filed this pro se
letter, Dwight Denman, appellant=s appointed trial counsel, filed a motion to withdraw, acknowledging
that appellant Ano longer
desire[d] that [he] . . . represent him and desire[d] to be self-represented or
>pro se.=@  The trial court denied Denman=s motion.  From the time that
the trial court denied Denman=s motion to withdraw to the date of the hearing on the State=s motion to revoke, appellant took no actions that were inconsistent
with his desire to represent himself. 
Thus, from the context of the record in front of the trial judge at the
time of appellant=s objection
to his attorney, we believe that appellant=s objection was sufficient to preserve for our review his complaint
that he was denied the right to be heard Aby himself,@ i.e., pro
se, in violation of the Sixth Amendment and article I, section 10 of the Texas
Constitution.     








The Sixth and Fourteenth
Amendments to the United States Constitution guarantee that a person brought to
trial in any state or federal court has the right to self‑representation.[4]  A defendant also has a right to be
represented by counsel, or to the concomitant right of self-representation, at
a community supervision revocation hearing.[5]
The right to self‑representation does not attach, however, until it has
been clearly, unequivocally, and timely asserted, generally before a jury is
empaneled.[6]









Once the right to
self-representation has been asserted, the trial judge is obliged to determine,
at a minimum, whether the waiver of the right to counsel was knowing,
intelligent, and voluntary.[7]  Thereafter, if the accused maintains his
desire to proceed pro se, he should be allowed to do so as long as the
assertion of his right to self‑representation is unconditional and not
asserted to disrupt or delay the proceedings.[8]  Although an exercise of the right of self‑representation
may cause some inconvenience or even disruption in the trial proceedings, so
long as it is not a calculated obstruction, this delay cannot deprive the
accused of the right once properly asserted.[9]  An accused must be permitted to conduct his
own defense, even if to his own detriment, if that is his informed choice.[10]
A defendant's clear and unequivocal request for self‑representation,
followed by an unmistakable denial of that right, is sufficient to preserve the
alleged error.[11]








In this case, appellant
clearly and unequivocally stated that he wished to represent himself in his pro
se letter approximately two months before the hearing on the motion to
revoke.  Appellant=s desire was corroborated by Denman=s motion to withdraw. Although appellant did state some discontentment
with Denman in his letter, he did not request a new attorney, he did not attach
any conditions to his request for self-representation, and he continued to
object to his attorney at the hearing on the motion to revoke.  Appellant=s request for self-representation was not untimely because it was made
approximately two months before the hearing on the State=s motion.  Further, the State
has not cited and we have not found any evidence to show that appellant was
asserting his right to self-representation for the purposes of delay.[12]  Therefore, because appellant clearly,
unequivocally, and timely asserted his right to self-representation, the trial
court erred by not determining, at a minimum, whether appellant knowingly,
voluntarily, and intelligently waived his right to counsel[13]
before denying appellant=s request
for self-representation.[14]








The denial of the right to
self‑representation is not subject to harmless error analysis.[15]  Therefore, we sustain appellant=s first and second issues.

Having sustained appellant=s first and second issues, we reverse the trial court=s judgment and remand the case for a new hearing on the State=s motion to revoke appellant=s community supervision after the trial court first determines whether
appellant=s waiver of
his right to counsel was knowing, intelligent, and voluntary.[16]  

PER CURIAM

PANEL A: 
CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

DELIVERED: 
APRIL 12, 2007        











[1]See Tex. R. App. P. 47.4.





[2]Tex. R. App. P. 33.1(a)(1); Mosley v.
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998), cert. denied, 526
U.S. 1070 (1999). 





[3]Tex. R. App. P. 33.1(a)(2); Mendez v.
State, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004).





[4]See
Faretta v. California, 422 U.S. 806, 819‑20, 95 S. Ct. 2525,
2533 (1975); Moore v. State, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999),
cert. denied, 530 U.S. 1216 (2000). 





[5]See
Hatten v. State, 71 S.W.3d 332, 333 & n.1 (Tex. Crim. App.
2002) (stating that the right to counsel is concomitant with the right to
self-representation and that a defendant has a right to counsel at a revocation
hearing).  In Hatten, the court of
criminal appeals concluded that although a defendant has a constitutional right
to self-representation at a revocation hearing, the admonishment requirements
of Faretta are not invoked by a misdemeanor defendant who waives his
right to representation by counsel and does not contest his guilt.  Id. at 334.  The trial court is, however, required to
determine whether the waiver of right to counsel was knowing, intelligent, and
voluntary, which is a separate issue from the entitlement to admonishments
under Faretta.  Id. at
334-35. 





[6]See
McDuff v. State, 939 S.W.2d 607, 619 (Tex. Crim. App.), cert.
denied, 522 U.S. 844 (1997); Ex parte Winton, 837 S.W.2d 134, 135
(Tex. Crim. App. 1992). 





[7]See
Hatten, 71 S.W.3d at 334-35; see also Faretta, 422 U.S. at 835, 95 S.
Ct. at 2541; Winton, 837 S.W.2d at 135 (both describing the
admonishments the trial court must make when a defendant asserts his right to
self-representation in criminal cases other than revocation proceedings).





[8]See
Faretta, 422 U.S. at 835, 95 S. Ct. at 2541; Winton,
837 S.W.2d at 135.





[9]See
Scarbrough v. State, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). 





[10]See
Faretta, 422 U.S. at 834, 95 S. Ct. at 2541; Scarbrough,
777 S.W.2d at 92. 





[11]See
Funderburg v. State, 717 S.W.2d 637, 642 n.6 (Tex. Crim. App. 1986).





[12]See,
e. g., Winton, 837 S.W.2d at 136 (holding that because the
trial judge found no evidence that appellant's assertion of his right to self‑representation
was untimely, conditional, or that it would have been disruptive or dilatory,
there was no justification for denying that right); Scarbrough, 777
S.W.2d at 94 n.3 (noting that courts should Ahesitate to deny an asserted
right to self representation solely on the basis of predictions of likely
recalcitrant behavior. . . . [W]e find no support in the record to justify
concluding appellant=s
assertion of his right to self representation was calculated to obstruct, or
would likely result in a farce and mockery of justice and the judicial process.@); Johnson
v. State, 676 S.W.2d 416, 420 (Tex. 
Crim. App. 1984) (reversing a decision denying appellant the right to
self‑representation, noting Athere is not anything in this
record that would reflect that had the trial judge honored appellant=s
demand for self‑representation at that point in time, [it] would have
caused such a disruption of the proceedings as to have affected the
administration of justice.@).





[13]See
Hatten, 71 S.W.3d at 334 (stating that when appellant does not contest his
guilt, Athis
issue is not whether the trial court admonished the accused of the dangers and
disadvantages of self-representation (pursuant to Faretta), but rather
whether there was a knowing, voluntary, and intelligent waiver of counsel.@)
(quoting Johnson, 614 S.W.2d 116, 119 (Tex. Crim. App. 1981)).





[14]See
Birdwell v. State, 10 S.W.3d 74, 78 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d) (holding that once
appellant unequivocally and timely asserted his right to self‑representation,
it was the trial court=s
duty to give the necessary explanations and warnings before ruling on his
request).  





[15]See
McKaskle v. Wiggins, 465 U.S. 168, 177 n.8, 104 S. Ct. 944, 950 n.8
(1984) (stating that because the right of self‑representation is a right
that when exercised usually increases the likelihood of a trial outcome
unfavorable to the defendant, its denial is not amenable to Aharmless
error@
analysis); Birdwell, 10 S.W.3d at 78 (holding that the denial of the
right to self-representation is not subject to a harmless error analysis). 





[16]See
Hatten, 71 S.W.3d at 334-35 (providing the procedure for permitting a
defendant to appear pro se at a revocation hearing).  In light of our holdings on these two
issues, we need not consider appellant=s third issue.  See Tex.
R. App. P. 47.1.