**Ex parte Terry David WINTON.**

**No. 71441.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 16, 1992.

---

Terry David Winton, pro se.

Tom O'Connell, Dist. Atty., J. Bryan Clayton, Asst. Dist. Atty., McKinney, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

BAIRD, Judge.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Tex.Code Crim.Proc.Ann. art. 11.07. The trial judge held a hearing and filed findings of fact and conclusions of law concerning applicant's claim. We ordered the application filed and set for submission to determine whether applicant was denied his right to self-representation as guaranteed by the Sixth Amendment to the United States Constitution. We will grant relief.

### I.

In March of 1987, applicant was charged with burglary of a habitation and counsel was appointed to represent him. Dissatisfied with his counsel, on August 31, 1987, applicant filed a pro se "Motion to Allow Defendant to Act in his Own Behalf." The motion was denied on September 11, 1987. The jury was impaneled in October, 1987, and applicant, appearing with court-appointed counsel, was subsequently convicted of burglary of a habitation. Punishment was assessed at sixty years confinement and a fine of $10,000.00.

Applicant contends the trial judge's denial of his "Motion to Allow Defendant to Act in his Own Behalf" violated his Sixth Amendment right to self-representation. In relation to applicant's contention, the trial judge made the following findings of fact and conclusions of law:

> 5. ... Applicant prepared a pro se "Motion to Allow Defendant to Act in His Own Behalf" and filed it on August 31, 1987 ... It is apparent from a reading of the motion as a whole that Applicant wanted [court-appointed counsel] removed as his counsel and that he wanted to proceed on his own behalf.

> The Applicant has a Sixth Amendment right to self-representation. *Faretta v. California,* [citation omitted], *Blankenship v. State,* [citation omitted]. The request for self representation must be timely and an assertion of the right to defend pro se is timely if made before the jury was impaneled. (The jury was impaneled in October, 1987.) This Court concludes that Applicant was asserting his right to self-representation and that it was timely.

> 6. The request by Applicant was "presented" to the Judge. Judge Shell denied Applicant's "Motion to Allow Defendant to Act in His Own Behalf" on September 11, 1987, without a hearing and without further inquiry of Applicant. Applicant was not present. Applicant was not questioned or admonished by the Court about his request.

> 7. There is no evidence that Applicant's assertion of self-representation was conditional or that it would have been a disruptive force.

These findings and conclusions are supported by the record.

### II.

An accused has a right to self-representation under the Sixth Amendment. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, the right to self-representation does not attach until it has been clearly and unequivocally asserted. *Funderberg v. State,* 717 S.W.2d 637, 642 (Tex.Cr.App. 1986). The right must be asserted in a timely manner, namely, before the jury is impaneled. *Blankenship v. State,* 673 S.W.2d 578, 585 (Tex.Cr.App.1984). Once the right has been asserted, the trial judge is obliged to make the accused aware of the consequences of self-representation. *Id.* at 583. Thereafter, if the accused maintains his desire to proceed *pro se,* he should be allowed to so proceed so long as the assertion of his right to self-representation is unconditional and not asserted to disrupt or delay the proceedings. *Id.* at 585.

Since the trial judge found *no* evidence that applicant's assertion of his Sixth Amendment right to self-representation was untimely, conditional or that it would have been disruptive or dilatory, there was no justification of the denial of that right. Accordingly, relief is granted. The judgment of the trial court is vacated, and applicant is remanded to the custody of the Sheriff of Collin County to answer the indictment against him.