TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00692-CR







Carlos Rico, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0944835, HONORABLE JON N. WISSER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated robbery. See Tex. Penal Code Ann.
§ 29.03 (West 1994). The district court assessed punishment, enhanced by a previous felony
conviction, at imprisonment for thirty years. Appellant's two points of error relate to his
unsuccessful attempt to substitute retained counsel for appointed counsel on the day of trial. We
will overrule both points and affirm the judgment of conviction.

 This cause was called for trial on the morning of October 10, 1994, approximately
five months after appellant was initially indicted. Appellant was represented by Michael Stork,
who was appointed in April 1994, and James Ridge, who was appointed to assist Stork four days
before trial began. Appellant informed the court that Stork and Ridge "are not my attorneys" and
that he had contacted Janet Prueitt, who was not present, and wanted her to be his attorney. The
court agreed to contact Prueitt before jury selection began that afternoon.

 Before the afternoon session began, the parties met in chambers with Prueitt
present. Prueitt told the court, "Mr. Rico has been talking with me for about -- over two month
span of time. I represented him on his parole revocation hearing and he was -- he has expressed
several times to me the desire that I take over his defense of this case." She went on to say that
she received a letter from appellant that morning informing her that trial was to begin, met with
appellant during lunch, and was retained at that time. Prueitt requested a continuance to permit
her to prepare for trial. After noting that the cause had been reset for trial several times, the court
denied the requested continuance. The court stated that appellant would be represented at trial
by his two appointed lawyers, but that Prueitt could join the defense team if she wished. Prueitt
replied, "Your Honor, if you're intent on this case going to trial today I decline to have any part
of the trial. I'll just wait and work on the appeal." With this, the parties returned to the
courtroom and a jury was selected.

 Testimony began the following day. Before the jury entered the courtroom,
appellant again informed the court that he wanted Prueitt, not Stork and Ridge, to represent him. 
Prueitt, who was present, declined the court's invitation to represent appellant at that time, either
alone or as co-counsel. The jury was brought in and trial began, with appellant represented by
Stork and Ridge. The State rested that afternoon after calling seven witnesses.

 Before trial resumed on October 12, appellant again voiced his displeasure with
appointed counsel and, for the first time, mentioned self-representation: "[T]hese are not my
lawyers. They're not representing me. I'm only forced -- accept it. I have to be here. I have
to accept it. I want to represent myself or have ample time to get me another lawyer since you
won't allow Ms. Prueitt ample time to prepare our case." After other matters were discussed,
appellant said, "Your Honor, I would like to file a motion for insufficient counsel and I would like
some time to prepare a case and represent myself." That request was denied. The jury was
returned to the courtroom, both sides rested and, after hearing counsel's argument, the jury
returned its verdict.

 Appellant contends the district court abused its discretion by refusing to grant a
continuance to allow Prueitt time to prepare for trial. Appellant further contends the court erred
by refusing to permit him to discharge appointed counsel and to represent himself at trial.

 The Court of Criminal Appeals has written:



 A request for a change in counsel cannot be made so as to obstruct the
orderly procedure in the courts or to interfere with the fair administration of
justice. A trial court has essentially three options when confronted with an accused
who makes an eleventh hour request for change of counsel. First, at its discretion
the court can appoint, or allow the accused to retain, new counsel. Second, should
the trial court deny new counsel, and the accused unequivocally assert his right to
self-representation under Faretta [v. California, 422 U.S. 806 (1975)], persisting
in that assertion after proper admonishment, the court must allow the accused to
represent himself. Third, unless the trial court allows new counsel, it must compel
an accused who will not waive counsel and does not assert his right to self-representation to proceed to trial with the lawyer he has, whether he wants to or
not.



Burgess v. State, 816 S.W.2d 424, 428-29 (Tex. Crim. App. 1991) (citations omitted). In this
cause, the district court permitted appellant to retain new counsel, but that attorney refused to
participate in the trial when the court denied her request for a continuance. Appellant did not
assert his right to self-representation prior to trial, so the court followed the third option and
compelled appellant to proceed to trial with the lawyers previously appointed to represent him.

 In Ex parte Windham, 634 S.W.2d 718 (Tex. Crim. App. 1982), the applicant's
retained attorney was unable to appear for trial and sent an associate in his place. The trial court
refused a requested continuance. The applicant urged that the trial court's denial of the
continuance deprived him of counsel of his choice. The Court of Criminal Appeals observed that
the right to counsel of choice is neither unqualified nor absolute, and must be balanced with the
trial court's need for prompt and efficient administration of justice. The court listed several
factors to consider in striking this balance including the length of delay requested, the complexity
of the case, whether the delay is for legitimate or contrived reasons, and whether other competent
counsel is prepared to try the case. Id. at 720.

 Appellant knew at least two months before trial that he wanted Prueitt to represent
him, but took no action to retain her formally until the day trial was scheduled to begin. The
amount of time Prueitt needed to prepare for trial is unknown. Appellant concedes that this cause
was not a complex one, and one of his two appointed attorneys had five months to prepare for
trial. Although appellant is critical of appointed counsel in his brief, he does not bring forward
a point of error complaining that their representation was ineffective. We conclude that the
district court did not abuse its discretion by denying the continuance and overrule point of error
one.

 We also hold that appellant's constitutional right to self-representation was not
infringed. This right must be asserted before the jury is empaneled. Ex parte Winton, 837
S.W.2d 134, 135 (Tex. Crim. App. 1992); Blankenship v. State, 673 S.W.2d 578, 585 (Tex.
Crim. App. 1984). Appellant did not ask to represent himself until after the State had rested its
case-in-chief. The district court did not abuse its discretion by refusing this untimely request. 
Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: July 31, 1996

Do Not Publish 



o file a motion for insufficient counsel and I would like
some time to prepar