Opinion issued October 10, 2002 









In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00378-CR






TIMOTHY ANDREW LEIGHTON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 894113






O P I N I O N


 A jury found appellant, Timothy Andrew Leighton, guilty of first-degree felony
theft with a single felony enhancement and assessed punishment at 15 years. In his
sole point of error, appellant claims the trial court erred in denying his request for
self-representation. We affirm.

PROCEDURAL BACKGROUND


 On July 12, 2001, appellant was charged by indictment with first-degree felony
theft. On October 17, 2001, the trial court conducted a hearing to discuss pre-trial
motions filed by appellant's attorney, Ira H. Chenkin. On November 16, 2001, a
superceding indictment was filed, which charged appellant with the same offense but
alleged a prior federal conviction for enhancement purposes. The case was set for
trial on December 10, 2001, and subsequently reset for February 8, 2002. 

 On February 7, 2002, Chenkin filed a motion to withdraw as appellant's
attorney; however, the record does not indicate that the motion was presented to the
trial court. On February 8, the day the case was scheduled for trial, Chenkin
expressed to the court that he was not prepared for trial, although he had reviewed the
State's file, and that he had not been paid by appellant. Another attorney, Garland
McInnis, appeared and stated that appellant had contacted him and requested that he
take the case from Chenkin. McInnis indicated that he would accept the case only if
appellant was able to pay him and if he could obtain a reset of at least 20 days in
order to investigate the case. The trial court stated that the case would not be
postponed and determined that the case would proceed when the jury panel arrived. 

 Later that afternoon, a jury was selected and impaneled. Shortly after the jury
was selected, appellant advised the court on the record, answering questions by
Chenkin out of the jury's presence, that he had previously rejected two plea bargain
proposals. He further answered, "[y]es sir," when the trial court asked if he was ready
to proceed to trial. Appellant entered a not guilty plea during arraignment in the
presence of the jury. 

 On February 11, 2002, McInnis again appeared before the court (1). Although he
was not appellant's attorney, he explained that appellant had prepared a pro se 
motion for continuance, requesting more time so that he could hire different counsel;
however, at no point did appellant indicate that he wanted to represent himself. 
During the course of a conversation that followed, McInnis made the following
statement: "And I believe that what he wants to tell the court is that he wants to
discharge his lawyer and go forward." McInnis again advised the court that he would
represent appellant "if he were to get a reset long enough for me to get those business
records in position." McInnis then said, "The defendant wants to talk to you, Your
Honor, and tell you why he wants to go forward on his own." The trial court then
ruled:

 I've already ruled on this motion for continuance. We don't need any
further discussion. Mr. Leighton is not an attorney. And he has not
been qualified to represent himself in this case. He has a lawyer. He's
at counsel table. The jury has been selected and we're ready to proceed
with trial.


Thereafter, the case proceeded to trial with Chenkin representing appellant. A jury
found appellant guilty as charged under the second indictment. 

The Right to Self-Representation


 In his sole point of error, appellant claims the trial court erred in denying his
request for self-representation.

 It is well settled that a defendant in a criminal case has the right to represent
himself without the assistance of counsel. See Faretta v. California, 422 U.S. 806,
819, 95 S.Ct. 2525, 2533 (1975); Hathorn v. State, 848 S.W.2d 101, 122-23 (Tex.
Crim. App. 1992). However, the right to represent oneself will not attach until it is
clearly and unequivocally asserted in a timely manner. See Ex Parte Winton, 837
S.W.2d 134, 135 (Tex. Crim. App. 1992) (emphasis added). Previously, the Texas
Court of Criminal Appeals has held that a request for self-representation was timely
despite its assertion after the jury was impaneled. See Johnson v. State, 676 S.W.2d
416, 419 (Tex. Crim. App. 1984) (finding request timely because no evidence had
been presented to jury). However, Johnson is in direct conflict with other Texas
Court of Criminal Appeals cases, a 1984 decision and two more recent decisions,
addressing the timeliness of a request for self-representation. See Winton, 837
S.W.2d at 135 (stating request untimely if made after jury is impaneled); Blankenship 

v. State, 673 S.W.2d 578, 585 (Tex. Crim. App. 1984) (same); McDuff v. State, 939
S.W.2d 607, 619 (Tex. Crim. App. 1997) (holding denial of request for self-representation was not error because right was untimely asserted after jury had been
impaneled). The jury is considered impaneled when its members are selected and
sworn. See Hill v. State, 827 S.W.2d 860, 864 (Tex. Crim. App. 1992). 

 The jury was selected and sworn on February 8, 2001. The request for
continuance and new legal representation, made by McInnis, who did not represent
appellant, was not asserted until February 11. After Chenkin questioned appellant
and established that he rejected two plea bargain offers, appellant responded
affirmatively when the trial court asked him on February 8 whether he was ready to
proceed to trial. Appellant's pro se motion for continuance specified that he sought
a continuance to obtain different representation, not to prepare for self-representation. 
Even if appellant had clearly requested to represent himself, the latest expressions
from the Texas Court of Criminal Appeals indicate that a request for self-representation is untimely when made after the jury has been impaneled. See Winton,
837 S.W.2d at 135; McDuff, 939 S.W.2d at 619.

 Accordingly, appellant's sole point of error is overruled.


CONCLUSION


 We affirm the trial court's judgment. 

 

 Lee Duggan, Jr.

 Justice 

 


Panel consists of Justices Hedges, Keyes, and Duggan. (2)

Do not publish. Tex. R. App. P. 47.4.






 
1. 
 
2. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.