Opinion issued June 24, 2004





















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00564-CR
____________
 
DWAIN PADRON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 747480
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Dwain Padron, guilty of the offense of aggravated
robbery and assessed his punishment at confinement for 22 years. In his sole point
of error, appellant contends that the trial court erred in denying his request to
represent himself in violation of his constitutional right to self-representation. We
affirm.
Facts
          During jury selection, after the trial court addressed the venire panel and before
the State’s voir dire examination, the following exchange took place:
[Appellant]:I guess the D.A. can be here, too. Um, my attorney
ha[s]n’t had an adequate amount of time, you know,
sufficient amount of time to be able to work on my
case.

                                         . . . .
 
Um, I’m asking that, you know, in certain times if I
be able to represent myself. I sent for a legal book
and stuff. I don’t understand like certain things I
want to ask in there, stuff like that. I can’t stop him,
hey, hold up, ask this. Hey, hold on, ask this, to be
able to stop him in the middle of his conversation.
 
The Court:I am not going to allow you to cross-examine
witnesses - -
 
          [Appellant]:           Right.
 
The Court:- - and let [your attorney] do some witnesses. That’s
what is called hybrid representation. I am not going
to allow that, but certainly during the trial, [your
attorney], before he passes a witness will be given
plenty of opportunity to talk with you, see if there is
anything else you would like for him to ask, and
you’ll have a pencil and paper. Certainly while
witnesses are being questioned, you know, you can
write him a note to say, ask him this. So, you will be
given plenty of opportunity to talk to each other
while direct examination and cross-examination is
going on.
 
          [Appellant]:           Okay.

(Emphasis added.)
          After continuing to complain that his attorney had not had enough time to
prepare for trial, appellant, who had already filed a pro se written motion for a
continuance, which had been denied, requested another continuance. The trial court
denied appellant’s request, and the following exchange then took place:
[Appellant]:Another thing, on that issue, what do I have to do to
be able to represent myself? You know, I’m dumb
to the law, but I know a certain - -
 
The Court:I’m not going to resolve that right now because
we’re going to pick a jury. We’re going to finish up
jury selection right now.
 
[Appellant]:I understand.
 
The Court: So, my point is, we’ll talk about it after we’re
through with jury selection.
 
[Appellant]:Okay. That’s fine, sir.

(Emphasis added.) Appellant never again raised the issue of what steps he had to take
“to be able to represent [himself].”
          After the State and appellant had concluded their voir dire examinations and
had exercised their peremptory challenges, the jury was empaneled and sworn. 
Thereafter, the case proceeded to trial, and, at trial, appellant was represented by an
attorney.
Right of Self-Representation
          In his sole point of error, appellant contends that the trial court erred in denying
his request to represent himself. He asserts that “the trial court’s failure to conduct
[a] Faretta


 hearing and to act on [his] request amounted to a denial of his Sixth
Amendment right to self-representation.”
          The Sixth and Fourteenth Amendments


 guarantee that a criminal defendant
brought to trial in any state or federal court has the right to self-representation. 
Faretta v. California, 422 U.S. 806, 818-20, 95 S. Ct. 2525, 2532-33 (1975); Moore
v. State, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999). However, the right to self-representation does not attach until it is “clearly and unequivocally” asserted. 
Scarborough v. State, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). It must also be
asserted in a timely manner, namely, before a jury is empaneled. McDuff v. State, 939
S.W.2d 607, 619 (Tex. Crim. App. 1997). Once the right has been asserted by a
defendant, the trial court is obliged to make the defendant aware of the consequences
of self-representation. See Faretta, 422 U.S. at 835, 95 S. Ct. at 2541. Thereafter,
if the defendant maintains his desire to proceed pro se, he should be allowed to do so
as long as the assertion of his right to self-representation is unconditional and not
asserted to disrupt or delay the proceedings. Ex parte Winton, 837 S.W.2d 134, 135
(Tex. Crim. App. 1992).
          Here, appellant merely asked, “what do I have to do to be able to represent
myself?” He did not assert that he actually wanted to represent himself. Moreover,
the record reveals that the trial court did not deny any so-called “request.” After the
trial court told appellant that “we’ll talk about it after we’re through with jury
selection,” appellant never again raised the issue of self-representation. We hold that
appellant’s inquiry concerning self-representation did not constitute a clear and
unequivocal assertion of his right to self-representation. Accordingly, we further hold
that the trial court did not erroneously deny appellant a Faretta hearing or his right
to self-representation.
          We overrule appellant’s sole point of error.
 

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).