Opinion issued June 2, 2005 



















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00594-CR
NO. 01-04-00595-CR
__________
 
ANTHONY GREY IBARRA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause Nos. 924118 and 924119
 

 
 
MEMORANDUM OPINION
          In two separate cases, tried together, a jury found appellant, Anthony Grey
Ibarra, guilty of the offenses of aggravated robbery,


 assessing his punishment at
confinement for 60 years,


 and attempted capital murder,


 assessing his punishment
at confinement for 80 years.


 In two points of error, appellant contends that the trial
court erred (1) in denying him his right of self-representation and (2) in failing to
submit a jury instruction on good-conduct time. We affirm.
Factual and Procedural Background
          Tuyet Tran, a bank teller and the robbery complainant, testified that on
September 13, 2002, appellant entered her bank in west Houston, pointed a pistol at
her, and demanded money. Tran went to her drawer, collected some money, and
inserted a tracking device with the money. A second bank employee took the money
from Tran and gave it to appellant, who then demanded more money. The bank
employee responded that there was no more money, and appellant left the bank.           Houston Police Officer T. Galligan testified that, while on patrol on the same
date, he received a transmission from the tracking device inserted into the stolen
money. Galligan tracked the transmission, which led him to a van parked in a
residential area. Galligan drove past the van, confirmed the description of the suspect
and the suspect’s van with a police dispatcher, and then advised the dispatcher that
he had possibly located the suspect. Galligan then drove back toward the van and
saw that the appellant had walked out into the street. When appellant pulled a gun
from under his shirt, ran toward Galligan, and fired his gun, Galligan got out of his
police car and returned gun fire. Appellant then returned to his van, reloaded his
weapon, and again ran toward Galligan, firing his gun. Galligan reloaded his gun and
pointed it at appellant, who then surrendered. However, appellant struggled with
Galligan as he attempted to handcuff him. Other police officers who had arrived at
the scene assisted Galligan in restraining appellant, and Galligan noticed that he had
been shot in the hand. 
Right to Self-Representation 
          In his first point of error, appellant contends that the trial court erred in denying
his request to represent himself, in violation of his Sixth Amendment right to self-
representation.


 A defendant in a criminal case has the right to self-representation. 
See Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533 (1975); Ex Parte
Winton, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992). However, this right to self-representation does not attach until it has been clearly and unequivocally asserted. 
Winton, 837 S.W.2d at 135. Additionally, the right to self-representation “must be
asserted in a timely manner, namely, before the jury is impaneled.” McDuff v. State,
939 S.W.2d 607, 619 (Tex. Crim. App. 1997) (citing Winton, 837 S.W.2d at 135);
Dotson v. State, 785 S.W.2d 848, 853 (Tex. App.—Houston [14th Dist.] 1990, pet.
ref’d).
          In this case, the jury was selected on May 4, 2004, and trial commenced on
May 5, 2004. However, appellant did not make his request for self-representation
until May 7, 2004, well after the jury had been impaneled and after the State had
presented much of its case. Because appellant made his request for self-representation after the jury had been impaneled, we hold that appellant’s request was
not timely.



          We overrule appellant’s first point of error.
Jury Charge on Good Conduct Time
          In his second point of error, appellant contends that the trial court committed
reversible error in failing to submit to the jury the instruction on good-conduct time
in the punishment phase of his trial, as mandated by section 4(a) of article 37.07 of
the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 4(a) (Vernon Supp. 2004-2005).


 This instruction is required in cases in which the
jury assesses punishment and the charged offense is listed in section 3g(a)(1) of
article 42.12 of the Texas Code of Criminal Procedure or if the judgment contains an
affirmative finding of the use of a deadly weapon. Id. arts. 37.07, § 4(a); 42.12
§§ 3g(a)(1), (2).  
          Because the offense of aggravated robbery is listed in section 3g(a)(1) and
because the jury found that appellant used a deadly weapon in the commission of the
offense, the trial court was required to provide the instruction prescribed in section
4(a). Here, the trial court omitted the portion of the instruction prescribed in section
4(a) related to good-conduct time. However, because appellant did not object at trial
to the omission from the charge, he must show that he suffered egregious harm as a
result of the omission. See Almanza v. State, 686 S.W.2d 157, 171-72 (Tex. Crim.
App. 1984); Myres v. State, 866 S.W.2d 673, 674 (Tex. App.—Houston [1st Dist.]
1993, pet. ref’d). 
          The section 4(a) portion of an instruction informs a jury of how good conduct
time combines with actual time served to determine parole eligibility. Grigsby v.
State, 833 S.W.2d 573, 576 (Tex. App.—Dallas 1992, pet. ref’d). Texas courts have
consistently recognized that the State, not the defendant, actually benefits from the
parole and good-time instructions prescribed in section 4(a), and that such
instructions are designed to increase sentences assessed by juries. Id.; Bolden v.
State, 73 S.W.3d 428, 434 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). 
          Appellant does not explain how he was egregiously harmed by the error in the
charge, and we fail to see how the trial court’s omission of a charge designed to
increase the length of a sentence harmed him. See Grigsby, 833 S.W.3d at 576. We
note that the jury found appellant guilty of two first degree felony offenses involving
the use of a deadly weapon. In addition to the overwhelming evidence concerning
the commission of both felony offenses, the State introduced evidence during the
punishment phase that appellant had been accused of being involved in multiple other
bank robberies and that appellant had previously been convicted of criminal sexual
assault and failing to register as a sex offender. Moreover, we note that the
punishment range for both offenses is confinement for five years to life. Although
the State argued for a life sentence, the jury assessed appellant’s punishment at
confinement for 60 years for the offense of aggravated robbery and 80 years for the
offense of attempted capital murder. We hold that the appellant has not shown that
he suffered egregious harm as a result of the trial court’s error.
          We overrule appellant’s second point of error. 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Hanks.


(Do not publish. Tex. R. App. P. 47.2(b)).