In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-027 CV


____________________



IN RE RODNEY LEE BIGLER






Original Proceeding






 MEMORANDUM OPINION 


 Rodney Lee Bigler seeks mandamus relief in a criminal case. He requests that we
order the respondent judge to set a personal recognizance bond and to set a hearing on a
motion to dismiss the indictment and release the defendant from custody. The relator also
asks this Court to order the district clerk to set a court date for a hearing on his pro se
motions. Bigler also complains that the trial court failed to consider other pre-trial motions
filed on December 9, 2005, including a motion to dismiss counsel and proceed pro se or with
counsel of the relator's choice. We deny relief. 

 The district clerk is not one of the persons against whom we may issue a writ of
mandamus other than to protect our jurisdiction, and the relator has not shown that the writ
is necessary to enforce our jurisdiction. See Tex. Gov't Code Ann. § 22.221 (Vernon
2004). Thus, Bigler is not entitled to mandamus relief against the district clerk.

 A defendant does not have a right to hybrid representation. Landers v. State, 550
S.W.2d 272, 280 (Tex. Crim. App. 1977)(opin. on reh'g). The trial court has the discretion
to refuse to entertain pro se motions filed while the accused is represented by counsel. 
Busselman v. State, 713 S.W.2d 711, 714 (Tex. App.-Houston [1st Dist.] 1986, no pet.). 
Because Bigler is represented by counsel, the trial court does not have a ministerial duty to
conduct a hearing on the relator's "Motion to Set Hearing Date on Motion to Quash T.C.C.P.
47.01 to Dismiss Indictment/Re-Indictment/Release Defendant from Custody of Montgomery
Co. Jail." 

 The relator's claim that the trial court disregarded Bigler's attempted waiver of
counsel is more troublesome. A defendant in a criminal case has the right to represent
himself. Faretta v. California, 422 U.S. 806, 821, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). 
When a defendant clearly and unequivocally asserts the right of self-representation, the trial
court must admonish the defendant of the dangers and disadvantages of self-representation. 
Ex parte Winton, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992). If the defendant persists
after being admonished the trial court must allow the accused to represent himself. Id. 
However, the right must be clearly and unequivocally invoked. Id.; Funderberg v. State, 717
S.W.2d 637, 642 (Tex. Crim. App. 1986). 

 Bigler contends that he filed a motion titled "Motion for Defendant's Request to
Proceed in Pro Se; Motion to Dismiss ... Counsel of Record, Due to Ineffective Assistance
of Counsel or in the Alternative Appoint a Counsel of Defendant's Choice." Bigler also
claims that a visiting judge hearing a motion for bond reduction the following week would
not let Bigler speak on his own behalf. Titles are not always accurate, however, and without
seeing Bigler's motion we can only speculate on its contents. We do not have a reporter's
record of the bond reduction hearing and the relator does not establish that the judge
presiding over that hearing was aware that Bigler desired to represent himself. The record
before us in this proceeding does not establish that the relator clearly and unequivocally
asserted his right to forego counsel and represent himself. 

 To obtain mandamus relief in a criminal matter, the relator must show that he has no
other adequate remedy at law to address the alleged error and that the act the relator seeks
to compel is ministerial. State ex rel. Hill v. Court of Appeals for Fifth Dist., 34 S.W.3d 924,
927 (Tex. Crim. App. 2001); Dickens v. Second Court of Appeals, 727 S.W.2d 542, 550
(Tex. Crim. App. 1987). The relator has not shown that he is entitled to the relief requested
in the petition. See Tex. R. App. P. 52.3(j). The petition for writ of mandamus is denied
without prejudice.

 WRIT DENIED.

 PER CURIAM


Opinion Delivered February 2, 2006

Before McKeithen, C.J., Gaultney and Kreger, JJ.