MEMORANDUM OPINION



No. 04-06-00541-CR



Zilberto BARRIENTES,


Appellant



v.



The STATE Of Texas,


Appellee



From the County Court at Law No. 2, Bexar County, Texas


Trial Court No. 899485


Honorable H. Paul Canales, Judge Presiding



Opinion by: Steven C. Hilbig, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: July 3, 2007


AFFIRMED


 Zilberto Barrientes appeals his conviction for possession of marijuana. In a single point of
error, Barrientes complains he was denied his constitutional right of self-representation. We affirm.

 On September 16, 2004, Barrientes was arrested and subsequently charged with possession
of marijuana. Trial began on July 12, 2006. Just prior to commencement of voir dire, the trial court
was attempting to resolve outstanding pre-trial motions. The record demonstrates that counsel for
Barrientes engaged in a discussion with the trial court and mentioned several items including a
motion to suppress and, at Barrientes's apparent insistence, a motion to dismiss for violation of his
right to a speedy trial. During this discussion, Barrientes spoke directly to the trial judge who
admonished Barrientes not to do so but to utilize his attorney to bring matters to the court's attention. 
Despite the admonishment, Barrientes continued to address the court directly. The following
exchange then took place:

 THE COURT: Okay. This is the second time I'm going to tell you this. You
are not a lawyer, and if you don't sit down and be quiet, I'll have you tried in
absentia. Do you understand that? You cannot speak to the Court. You will
speak to your lawyer, and you'll not speak directly to this Court. Have a seat,
sir.

 

 DEFENDANT BARRIENTES: Can I represent myself?

 

 THE COURT: No sir. Have a seat.

 

 DEFENDANT BARRIENTES: Can I represent myself?

 

 THE COURT: Okay. The lawyers can look at the [jury] sheets. Give the jury
about a five to ten minute break. Okay?


There was no further discussion at that time or at any other time concerning self-representation. The
jury ultimately found Barrientes guilty and sentenced him to 180 days in jail and a $2,000.00 fine. 
Barrientes brings this appeal alleging the trial court abused its discretion in refusing to allow him to
proceed pro se. 

APPLICABLE AUTHORITY

 The Sixth Amendment to the United States Constitution guarantees the right to counsel in
criminal cases. Implicit in the right to counsel is the right to self-representation. Faretta v.
California, 422 U.S. 806, 819 (1975); see Funderburg v. State, 717 S.W.2d 637, 641 (Tex. Crim.
App. 1986). However, a defendant must clearly and unequivocally assert his right to self-representation. Ex Parte Winton, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992). Once the defendant
unequivocally asserts his right of self-representation, the trial court is required to make the defendant
aware of the dangers of self-representation and conduct an inquiry as to his background in order to
determine if the defendant's waiver of counsel is a truly informed waiver. See id.; Blankenship v.
State, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984).

ANALYSIS

 The determinative question for purposes of this appeal is whether Barrientes "unequivocally"
asserted his right to self-representation. We hold he did not. Barrientes's words -"Can I represent
myself?"-are subject to at least two interpretations. The first is a possible request for self-representation. Another is that Barrientes was asking for legal advice, i.e. is self-representation
legally possible? This latter question was to be answered by his attorney, not the trial court. In
either event, the assertion, if any, was not unequivocal. See, e.g., Burton v. Collins, 937 F.2d 131,
133-34 (5th Cir. 1991) (holding that defendant, when advised he could not change attorneys, did not
unequivocally assert right of self-representation by asking "May I represent myself?"), cert. denied,
502 U.S. 1006 (1991). Thus, we hold Barrientes did not clearly and unequivocally assert his right
of self-representation. See id.; see also Hathorn v. State, 848 S.W.2d 101, 123 (Tex. Crim. App.
1992) (holding right of self-representation does not attach until clearly and unequivocally asserted),
cert. denied, 509 U.S. 932 (1993); Winton, 837 S.W.2d at 135 (same). Absent a clear and
unequivocal assertion of the right of self-representation, the trial court has no duty to make further
inquiry. See Winton, 837 S.W.2d at 135 (holding that once right had been asserted trial court is
obliged to make accused aware of consequences of self-representation). 

 Finally, it clearly appears from the record that trial counsel raised many issues with the trial
court after Barrientes raised those issues with his attorney. Thus, there was no reason for the trial
court to presume that if Barrientes, after consultation with his attorney, truly wanted to represent
himself, the issue would not have been properly presented to the court. 

 We overrule Barrientes's sole point of error and affirm the judgment of the trial court.


 Steven C. Hilbig, Justice

Do Not Publish