# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00669-CR

**Tracy Elon Steele, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 59681, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The jury convicted appellant Tracy Elon Steele of the offense of evading arrest. *See* Tex. Penal Code Ann. § 38.04 (West 2003). Punishment was assessed at 15 years' imprisonment. In a single issue on appeal, Steele argues that he was denied his right to self-representation. The State concedes error. We agree that we must reverse and remand for a new trial.

## BACKGROUND

We need not address the underlying facts of Steele's alleged offense. Steele was charged with evading arrest and an attorney was appointed to represent him. Prior to trial, the attorney filed a motion to withdraw, stating that Steele no longer wished to be represented by counsel but, instead, wished to represent himself. A hearing was held on the motion, during which the district court asked Steele if he wished to represent himself. Steele responded that he was instead "requesting a trial lawyer." The district court advised Steele that he had the right to an attorney, but

not necessarily one that he "really like[d]." Steele stated that he was entitled to "effective counsel" and requested a lawyer with "some experience in trial [work]." The district court agreed to appoint another attorney to represent Steele, but with the following admonishment: "You've got to get along with this next lawyer. . . . It doesn't make any difference what you think about the next attorney, you're stuck with that lawyer."

Three days prior to trial, Steele again appeared before the district court, accusing his appointed counsel of ineffectiveness and of being "dedicated to the District Attorney." Steele stated that he "need[ed] somebody who is going to be effective in my case." The district court denied Steele's request to replace his attorney, reminding Steele of the district court's previous admonishment that no other replacements would be permitted.

Trial commenced on September 25, 2006. Immediately following voir dire, Steele, as the State concedes, explicitly requested to represent himself during trial. The district court, perhaps through a misunderstanding that Steele was repeating his earlier request for new counsel, proceeded with jury selection. The jury was then empaneled and sworn. During trial, as the State acknowledges, Steele "repeatedly asked to perform the role of his counsel during the trial, requesting to cross-examine the State's witnesses . . . and to argue to the jury during the closing arguments." The jury found Steele guilty of evading arrest and punishment was assessed at 15 years' imprisonment. This appeal followed.

## DISCUSSION

The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance

of counsel before he can validly be convicted and punished by imprisonment. *Faretta v. California*, 422 U.S. 806, 807 (1975). The right to counsel encompasses a correlative right to "dispense with a lawyer's help" and proceed without the assistance of counsel. *Id*. When a defendant asserts his right to self-representation, "his choice must be honored." *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984) (citing *Faretta*, 422 U.S. at 833).

However, the right to self-representation must be asserted before the jury has been empaneled. *Id*. at 585. Furthermore, the right does not attach until it is "clearly and unequivocally" asserted. *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986) (citing *Faretta*, 422 U.S. at 835). If a defendant properly asserts his right to self-representation, then the record must show that he knowingly and intelligently waived his right to counsel after being made aware of the dangers and disadvantages of self-representation. *Id*. The defendant's assertion of his right to self-representation may be denied if the district court makes a determination that it is being asserted for the purpose of disruption or delay of the proceedings. *Ex parte Winton*, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992).

In this case, the record reflects—and the State concedes—that Steele asserted his right to self-representation clearly, unequivocally, and in a timely manner, prior to the jury being empaneled. Steele began by stating, "I'm going to request that I represent myself in this trial, Your Honor." When the district court appeared to understand Steele's statement as merely repeating his earlier request for replacement counsel, Steele clarified, "Well, I'm talking about I—I don't want to just—just it's that I can represent myself during the jury trial." The State characterizes these statements as Steele's "first request to represent himself." Later, Steele again stated, "Well, I'll just represent myself, Your Honor."

3

The State further concedes that Steele continued to assert his right to self-representation during trial and that "[t]he record does not support a finding of waiver once [Steele] had asserted his right to self-representation." It also concedes that there was no basis in the record for the district court to have determined that Steele's purpose in asserting his right of self-representation was delay or disruption. *See id.* at 136.

On this record, we are compelled to hold that the district court erred in denying Steele his right to self-representation. We do not review such error for harm. "The right [to self-representation] is either respected or denied; its deprivation cannot be harmless." *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984). Automatic reversal is required. *Nelson v. State*, 810 S.W.2d 753, 755 (Tex. App.—Dallas 1991, pet. ref'd). We sustain Steele's issue on appeal.

## CONCLUSION

We reverse the judgment of the district court and remand this cause to the district court for a new trial.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Reversed and Remanded

Filed:   July 26, 2007

Do Not Publish

4