IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-56,888-03






EX PARTE LUIS RAY JARAMILLO, JR., Applicant








ON APPLICATION FOR AN ORIGINAL WRIT OF HABEAS CORPUS


CAUSE NO. 2006-CR-8791 IN THE 144TH JUDICIAL DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.



O R D E R



 Applicant has filed an application for writ of habeas corpus pursuant to the original
jurisdiction of this Court. Tex. Const. Art. V, §5(c); Tex. Code Crim. Pro. Art. 4.04(1). 
Applicant contends that he has been held in Bexar County jail without a trial since March 20, 2006. 
He alleges inter alia that he filed several pro se motions and applications for a writ of habeas corpus
requesting a speedy trial in the trial court, but that the trial judge has refused to rule on these pro se
filings. Also, he alleges that he has filed several mandamus applications with the Fourth Court of
Appeals and with this Court requesting that the trial judge be ordered to rule on his pro se motions, 
but that relief was denied. Applicant also alleges that counsel has refused to file a motion for a
speedy trial; even though Applicant sent counsel a copy of a pro se motion which he asked him to
file. Applicant also alleges that he filed a complaint with the Office of Disciplinary Counsel
complaining about counsel's failure to respond to his inquiries and his refusal to file a speedy trial
motion in this case. 

 This Court will not grant relief in an original application for a writ of habeas corpus unless
there is no other remedy. Ex Parte Rose, 704 S.W.2d 751 (Tex. Crim. App. 1984). In this case,
Applicant's adequate remedy at law is to present his claim to the trial court. Therefore, we deny
leave to file. 

 Applicant has attempted to present his speedy trial claim to the trial court by filing various
pro se motions and petitions. However, the trial judge has no legal duty to rule on these pro se
motions and petitions because Applicant is represented by counsel. Applicant does not have a right
to hybrid representation. Dunn v. State, 819 S.W.2d 510 (Tex. Crim. App. 1991). If Applicant does
not want to be represented by counsel but wants to represent himself, he could file a motion for self-representation in the trial court. "An accused has a right to self-representation under the Sixth
Amendment." Ex parte Winton, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992) (citing Faretta v.
California, 422 U.S. 806 (1975)). If Applicant represented himself, the trial judge would have a duty
to rule on future pro se motions. Alternatively, Applicant could file a motion to substitute counsel
(requesting that the trial court appoint a different attorney) which the trial court has the discretion
to grant. 

Filed: July 2, 2008

Do Not Publish