Opinion issued May 19, 2011.



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-09-00116-CR

———————————

Charles Henry Faulk, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 232nd District
Court 

Harris County, Texas



Trial Court Case No. 1174373

 



 

MEMORANDUM OPINION

Charles
Faulk was convicted by a jury of unauthorized use of a motor vehicle.[1]  The trial court assessed appellant’s
punishment at twenty-three months incarceration in a state jail facility.  We determine (1) whether the evidence is
legally and factually sufficient to support appellant’s conviction and (2)
whether the trial court abused its discretion in denying appellant’s request
for self-representation at trial.  We
affirm.

Background

          In June, 2008, Faulk
and another man went to a Houston used car dealership[2] where Nicholas Crouch was
the lone salesman working.  Faulk claimed
that he had just been approved for $10,000 in auto financing at a Car Max
dealership, had $5000 in cash, and wanted to purchase a car.  Faulk filled out the credit application
paperwork and asked to test drive a green Pontiac G-6 that was on the lot.  Crouch went to the back of the office to take
a bite out of his sandwich and when he returned, the men and the car were gone.  The application Faulk submitted showed the
name “Charles Faulk” as the applicant but was scratched out and the name Elijah
Howell written on top of it.  The
application was signed by “Elijah Howell” and contained phone numbers,
addresses, landlord and employer information. 
Crouch was unsuccessful in reaching appellant with this information.

Crouch’s supervisor, Nader
Yekanimzree, also tried calling the numbers on the application to contact
appellant, but all either belong to other people or were disconnected.  Yekanimzree then called the police.  Crouch contacted the Car Max dealership but
was told that no one matching the description of either of the two men had
there that day.

Five days later, Houston Police
Department Sergeant Randy Martin showed Crouch a photo spread portraying six
men, one of whom was appellant.[3]  Crouch identified appellant, but cautioned
that he was not 100 percent sure because the hairstyle and clothing were
different.[4]  

Early July 11, 2008, appellant,
driving a green Pontiac G-6 with no license plates, was stopped for a traffic
violation.  Appellant told the officer
that he had no insurance.  When the
officer ran the VIN number and appellant’s identification, he was informed the
car was stolen and that appellant had an open warrant.  Appellant was arrested and the car was
impounded.  Later that day, Yekanimzree
was contacted, and returned the stolen car to the dealership.  The matching VIN numbers confirmed it to be
the same green Pontiac G-6 taken the month before.




 

 

Sufficiency

          In his
second and third points of error, appellant challenges the legal and factual
sufficiency to support his conviction for unauthorized use of a motor vehicle.  Specifically, appellant argues that the
evidence is legally and factually insufficient to show that the stolen green
Pontiac G-6 that appellant was driving on July 11, 2008 was the same green
Pontiac G-6 that was stolen on June 13, 2008. 


A.      Standard of Review

We apply the Jackson v.
Virginia, 443 U.S. 307, 320, 99 S.Ct. 2781, 2789 (1979), sufficiency
standard of review to complaints styled as legal or factual sufficiency
challenges concerning the elements of a criminal offense.  See Ervin v. State,
331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d) (citing Brooks v. State, 323 S.W.3d
893, 894–913 (Tex. Crim. App. 2010)). 
Under the Jackson standard, evidence is insufficient to support a
conviction if, considering all the record evidence in the light most favorable
to the verdict, no rational fact-finder could have found that each essential
element of the charged offense was proven beyond a reasonable doubt.  See Jackson, 443 U.S. at 317, 319, 99
S.Ct. 2788, 2789; Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App.
2009).  

It is the function of the trier of
fact to resolve any conflict of fact, to weigh any evidence, and to evaluate
the credibility of any witnesses.  See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  We therefore resolve any inconsistencies in
the evidence in favor of the verdict, and “defer to the jury’s credibility and
weight determinations.”  See Marshall
v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).  This deferential standard applies equally to
circumstantial and direct evidence.  Laster, 275 S.W.3d at 517–18.  As
the determiner of the credibility of the witnesses and the weight to be given
to their testimony, the factfinder may choose to believe all, some, or none of
the testimony presented.  See Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

B.      Analysis

Under both of his sufficiency
complaints, appellant contends that his conviction should be reversed because
the evidence was insufficient to show that appellant ever drove the green
Pontiac G-6 that was taken from the car dealership.  Appellant acknowledges evidence at trial that
(1) he “had been present in the vicinity” when a green Pontiac G-6 disappeared
from the lot on June 13, 2008, (2) that he was stopped driving a stolen green
Pontiac G-6 and arrested on July 11, 2008, and (3) that Yekanimzree recovered
the dealership’s stolen green Pontiac G-6 from the impound lot on the day of
appellant’s arrest.  Appellant argues,
however, that the evidence is legally and factually insufficient to show that
the stolen green Pontiac G-6 that he was driving on July 11, 2008, which was
impounded that morning, was the same green Pontiac G-6 that was stolen on June
13, 2008 and recovered by Yekanimzree from the impound lot on the day of
appellant’s arrest.   

It is within the province of the
jury to make weight and credibility determinations and we must give deference
to the jury’s resolution of those issues. 
Marshall, 210 S.W.3d at 625. 
In a legal sufficiency review, we must also give deference to “the
responsibility of the finder of fact to draw reasonable inferences from basic
facts to ultimate facts.”  Hooper v. State, 214 S.W.3d 9, 13 (Tex.
Crim. App. 2007) (quoting Jackson,
443 U.S. at 318–19, 99 S. Ct. 2781).  Circumstantial evidence is as probative as
direct evidence and can alone be sufficient to establish guilt.  Hooper,
214 S.W.3d at 13.  Jurors are also “free
to use their common sense and apply common knowledge, observation, and
experience gained in the ordinary affairs of life when giving effect to the
inferences that may be reasonably drawn from the evidence.”  Obigbo
v. State, 6 S.W.3d 299, 306 (Tex. App.—Dallas 1999, no pet.).

The evidence in the record establishes,
and appellant effectively admits on appeal, that appellant was the person who
completed a fraudulent credit application at the car dealership, asked to test
drive the green Pontiac G-6 that was stolen that day, and who “disappeared”
from the dealership at the same time as the car.  The evidence also establishes that the
dealership recovered the missing car from the impound lot on the same day that
appellant was arrested for driving a stolen green Pontiac G-6 that was
impounded.  Appellant essentially argues
that he was driving a different stolen green Pontiac G-6 on July 11, 2008 than
the green Pontiac G-6 previously stolen from the dealership and, thus, a
different stolen green Pontiac G-6 was impounded as a result of his
arrest.  Under this argument, the phone
call from the impound lot to the dealership on the day of appellant’s arrest,
and the dealership’s subsequent recovery of its stolen green Pontiac G-6 from
the impound lot on that day, were simply happy coincidences wholly unrelated to
appellant. 

Reviewing the evidence in the light
most favorable to the verdict, we hold that a rational jury could have found
beyond a reasonable doubt that the stolen green Pontiac G-6 driven by appellant
on July 11, 2008 was same green Pontiac G-6 that was stolen immediately after
appellant asked to test drive it on June 13, 2008 and which was recovered by
the dealership from the impound lot on the date of appellant’s arrest.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Lyles v. State, 582
S.W.2d 138, 142–43 (Tex. Crim. App. 1979) (panel op.) (holding that
circumstantial evidence that car stolen and car recovered were both 1969
Plymouths with pulled-out wires under the dashboard was sufficient to establish
that car appellant was driving was the same car stolen from lot);[5] see also Rogers v. State,
929 S.W.2d 103, 108 (Tex. App.—Beaumont 1996, no pet.) (holding that it is for
factfinder to weigh whatever descriptive evidence is presented regarding
identification of property stolen vis-a-vis
property observed in possession of defendant, along with related circumstances
of case, to reach conclusion whether property possessed was property that had
been stolen).

          We
overrule appellant’s second and third points of error.

Self-Representation

In his first point of error, appellant
contends that the trial court reversibly erred by denying appellant his Sixth
Amendment right to self-representation. 
Specifically, appellant argues that, contrary to the trial court’s
findings, his request was neither untimely nor conditional. 

The jury was impaneled and sworn in
on February 9, 2009.  The following
morning—before the indictment was read or any evidence was presented—appellant
asked the court, outside of the jury’s presence, to either appoint him new
counsel or allow him to represent himself at trial.  After informing appellant of the risks
associated with proceeding pro se and considering the arguments of appellant,
appellant’s counsel and the State, the trial court found that appellant’s
request was untimely, conditional, and disruptive of the proceedings, and
denied the request.

While it is well settled that a defendant in a criminal case has the right to represent himself
without the assistance of counsel, see Faretta v. California, 422
U.S. 806, 819, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562 (1975), in order for the
right of self-representation to be adequately asserted, the right must be
asserted in a timely manner, namely, before the jury is impaneled.  See Ex Parte Winton, 837 S.W.2d 134,
135 (Tex. Crim. App. 1992); see also McDuff
v. State, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997).

Although appellant acknowledges
that his request was made the day after the jury was impaneled and sworn, he
nevertheless argues that his request for self-representation was still timely,
citing to Johnson v. State, 676
S.W.2d 416, 419 (Tex. Crim. App. 1984) (finding request for
self-representation made after jury impaneled was timely because no evidence
had been presented to jury).  Johnson, however, is in direct
conflict with subsequent Texas Court of Criminal Appeals cases addressing the
timeliness of a request for self-representation.  See McDuff, 939 S.W.2d at 619
(holding denial of request for self-representation was not error because Sixth
Amendment right was untimely asserted after jury was impaneled); see also
Winton, 837 S.W.2d at 135 (stating request for self-representation untimely
if made after jury is impaneled).  Under
these later precedents, appellant’s request for self-representation, which was
made after the jury was impaneled, was untimely.  See McDuff, 939 S.W.2d at 619; Winton,
837 S.W.2d at 135.  

We overrule appellant’s first point of error.

Conclusion

We affirm
the judgment of the trial court.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel consists of Justices Jennings, Alcala, and
Sharp.

Do not publish. 
 Tex. R. App. P. 47.2(b).

 











[1]
          Tex. Penal Code Ann. § 31.07 (West 2003).





[2]
          Crouch positively identified
appellant at trial as one of the two men who walked in the dealership, and “definitely”
the man who was trying to buy a car, who asked to test drive a specific car,
and who filled out an application to purchase a car.





[3]
          Appellant’s picture was included
because of the name scratched out on the credit application and physical description
given by Crouch.





[4]
          At trial, Crouch testified that
the picture he had selected was “definitely” that of appellant and of the man
who had “[taken] the car on June 13,” but explained that at the time of the
theft, appellant had short hair, while in the photo array picture depicted
appellant with braids “or something right there” (pointing) and his color hair
was different.  

 





[5]
          We note also that a sister court
held evidence legally sufficient in a remarkably similar set of facts in an
unpublished opinion.  See Cotton v. State, No.
05-97-001992-CR, 2000 WL 233171, at *2 (Tex. App.—Dallas March 2, 2000, no
pet.) (holding that evidence that (1) green Honda Accord was stolen from
complainant, (2) defendant was arrested two days later driving green Honda Accord
that was determined to have been stolen and which was impounded, and (3)
complainant was subsequently notified that his Honda Accord was in auto pound
and he retrieved it, was sufficient for jury to infer that green Honda Accord
driven by defendant when he was arrested was same green Honda Accord stolen
from complainant).