# NO. 12-19-00247-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIE OLIVER,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Willie Oliver appeals his conviction for assault on a public servant. In a single issue, Appellant contends the trial court erred in overruling his motion to reassert his right to counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with assault on a public servant. Appellant was appointed counsel but sought permission from the trial court to represent himself pro se. The trial court granted that motion and appointed Don Davidson as stand-by counsel. At a pretrial hearing, the trial court reviewed a "certified motion" Appellant filed in which he requested Davidson be fired. In the motion, Appellant explained that he asked Davidson to represent him and present a statute of limitations defense to the district attorney or the trial court. When Davidson refused and reminded Appellant that he chose to represent himself, Appellant told the trial court: "This is wrong for him to tell me this. I need him fired and I need a lawyer to present the statutes of limitation by state laws that protect me from abuse by the legal system." The trial court denied the motion.

Appellant subsequently pleaded "not guilty," and the matter proceeded to a jury trial. The jury ultimately found Appellant "guilty." Following the sentencing portion of trial, the trial court sentenced Appellant to ten years confinement. This appeal followed.

<h1 style="text-align:center">SELF-REPRESENTATION</h1>

In his sole issue, Appellant argues the trial court erred when it denied his motion to reassert his right to counsel. The State argues that Appellant's motion did not reassert his right to counsel and, instead, sought hybrid representation.

## Standard of Review and Applicable Law

We review the denial of a defendant's request for self-representation for an abuse of discretion. *Alford v. State,* 367 S.W.3d 855, 861 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). We view the evidence in the light most favorable to the trial court's ruling, and we imply any findings of fact supported by the record and necessary to affirm the ruling when the trial court did not make explicit findings. *Id.*

The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a criminal defendant may dispense with counsel and make his own defense at trial. *Moore v. State,* 999 S.W.2d 385, 396 (Tex. Crim. App. 1999) (citing *Faretta v. California,* 422 U.S. 806, 818–20, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562 (1975)). To be constitutionally effective, such a decision must be made (1) competently, (2) knowingly and intelligently, and (3) voluntarily. *Moore,* 999 S.W.2d at 396 (citing *Godinez v. Moran,* 509 U.S. 389, 400–01, 113 S. Ct. 2680, 2687, 125 L. Ed. 2d 321 (1993)); *Faretta,* 422 U.S. at 834–36, 95 S. Ct. at 2541). In order to competently and intelligently choose self-representation, the defendant should be admonished about the dangers and disadvantages of representing himself. *Blankenship v. State,* 673 S.W.2d 578, 583 (Tex. Crim. App. 1984) (citing *Faretta,* 422 U.S. at 835, 95 S. Ct. at 2541). Thereafter, if the defendant maintains his desire to proceed pro se, he should be allowed to do so as long as the assertion of his right to self-representation is unconditional and not asserted to disrupt or delay the proceedings. *Ex parte Winton,* 837 S.W.2d 134, 135 (Tex. Crim. App. 1992).

The right to self-representation does not attach until it has been clearly and unequivocally asserted. *Funderburg v. State,* 717 S.W.2d 637, 642 (Tex. Crim. App. 1986) (citing *Faretta,* 422 U.S. at 835, 95 S. Ct. at 2541; *Brown v. Wainwright,* 665 F.2d 607, 610 (5th Cir. 1982)). Once a defendant has asserted the right to self-representation, he may also waive that right. *Funderburg,*

2

717 S.W.2d at 642 (citing ***McKaskle v. Wiggins***, 465 U.S. 168, 182, 177 S. Ct. 944, 953, L. Ed. 2d 122 (1984); ***Brown***, 665 F.2d at 611). Such a waiver may be found if it reasonably appears to the court that the defendant abandoned his initial request to represent himself. ***Funderburg***, 717 S.W.2d at 642 (citing ***Brown***, 665 F.2d at 611). However, when a trial court denies a defendant's request to represent himself, the defendant does not waive the right to self-representation by mere acquiescence to the trial court's denial of it. ***Funderburg***, 717 S.W.2d at 642 (citing ***Brown***, 665 F.2d at 612).

**Analysis**

Appellant argues that his "certified motion" was a request for the court to appoint him counsel and that he did not wish to continue representing himself. The State, however, urges that Appellant sought hybrid representation, which is not permitted. *See **Robinson v. State***, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) ("a defendant has no right to hybrid representation").

Appellant's "Certified Motion" provided in relevant part:

> I, Willie Oliver, need to relieve my court ap[p]ointed lawyer Donald Davidson on these grounds. Donald Davidson isn't representing my case to the courts fully like he should by his oath to defend me in court. I gave Donald Davidson my lawyer a letter stating the Statutes of Limitation for a 3rd degree felony without being convicted or taken to trial has to be dismissed with one full year of confinement when a inmate is incarcerated [sic] in a community facility. My lawyer Donald didn't present it to the D.A. or to "you" (the Judge) Mr. Jack S. Jr. Donald even told me from now on you represent yourself in court. This is wrong for him to tell me this. I need him fired and I need a lawyer to present the statutes of limitation by state laws that protect me from abuse of authority by the legal system.

At the March 27 pretrial hearing, Appellant appeared pro se with Don Davidson as standby counsel. During a portion of the hearing, the trial court pointed out to Appellant that he was representing himself and that his stand-by counsel could assist him with securing witnesses for trial by subpoena. The trial court also addressed Appellant's contention that the State had to prosecute him within a year of his being incarcerated. Appellant made the argument to the trial court and requested he be released on a personal recognizance bond. The trial court denied that motion. The trial court then heard Appellant's motion to remove Mr. Davidson. The trial court confirmed with Appellant that he represents himself and that Mr. Davidson is standby counsel. At no time did Appellant state that he did not wish to represent himself further.

Furthermore, shortly after Appellant's sentence was pronounced, Mr. Davidson informed the trial court that Appellant understood that he could cease representing himself and ask the court to appoint Mr. Davidson to represent him. Mr. Davidson specifically told the court as follows:

> Thank you, Your Honor. And if I could just briefly put on the record two things real quickly here.
>
> Number one is the -- I know you went over this repeatedly, and I went over it with Mr. Oliver, and I just want the record to reflect that as standby counsel, you informed him, I informed him on multiple occasions that he was representing himself, that he was not being represented by me. You also informed him on multiple occasions throughout these proceedings many times that if at any point he wanted to stop representing himself, that I was available and I would step in and represent him. And I went over that with him, you went over that with him.
>
> And I need the record to reflect that there may have been times -- and the transcript will reflect this -- where at times you would either direct me to consult with him or he would -- I believe even during the voir dire, for example, he asked if he could consult with me, and he did. But without going through those conversations, I think it's important to point out that at no time ever did he say: I want you to represent me. There were times where we had consultations, there were times where he asked me questions, I answered them as best I could. But I believe he was fully aware, and I think he was very confident of his own ability to do what he needed to do. So he never questioned me, he never asked me to take over for him. I never heard him ask the Court to have me represent him, but I want the record to reflect -- because there may be points where it looks like he's asking for consultation, which he's getting, but during that consultation, he never asked to stop being a pro se defendant.

When asked by the trial court, Appellant opined on Mr. Davidson's performance:

> THE COURT: Do you have any problems or complaints with Mr. Don Davidson in his role as your standby counsel?
> MR. OLIVER: You know, I think he did a good job as being a good standby. I don't think he done a good job at exercising my civil rights.
> THE COURT: Well, all he can do is represent you in a standby counsel capacity. As I understood what you just told me, which certainly appears to the Court you feel he's done an excellent job as your standby lawyer?
> MR. OLIVER: Yeah.

Based on this record, it appears that Appellant believed his standby counsel was adequate and that he was content representing himself pro se. At no time did Appellant tell the trial court that he disagreed with Mr. Davidson's statements to the trial court or that the trial court ignored or denied any alleged requests to cease self-representation. As discussed above, the record demonstrates that Appellant never deviated from his position that he wanted to represent himself in every stage of his trial and to make all of the tactical decisions in the case. Appellant only wanted a lawyer or legal assistant to "work for" him. It is well established that an accused has no right to

this type of hybrid representation, although the trial court has the discretion to permit it. ***Scarbrough v. State***, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989) (at no time did appellant deviate from position that he did not want counsel *alone* to represent him); ***Fulbright v. State***, 41 S.W.3d 228, 235 (Tex. App.—Fort Worth 2001, pet. ref'd) (appellant never deviated from position that he wanted to represent himself in every stage of trial and make all tactical decisions…he only wanted a lawyer or legal assistant to "work under [his] command," a type of hybrid representation to which he was not entitled). Because Appellant had no right to hybrid representation and never deviated from his intention to represent himself, the trial court did not abuse its discretion by denying the "certified motion." *See* ***Robinson***, 240 S.W.3d at 922. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered March 18, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2020**

**NO. 12-19-00247-CR**

**WILLIE OLIVER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-0508-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*